IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RICHARD DURAN ADAME** § | |
| Plaintiff § | |
| § | |
| § | |
| § | |
| vs. §CIVIL ACTION NO. _____ | |
| § | |
| **UNIVERSITY OF TEXAS AT DALLAS** § | |
| Defendant. § | |

**PLAINTIFF'S COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff **RICHARD DURAN ADAME** to file this "Plaintiff's Complaint" against the Defendant as follows:

### A.   NATURE OF SUIT

1.   At all times relevant, Plaintiff Richard Duran Adame was a student attending Defendant University of Texas at Dallas (defined as "Defendant" hereafter). While attending the University of Texas at Dallas, Plaintiff was accused of a Title IX violation. One month after he was accused of the violation, Plaintiff admitted that he had violated Title IX. The University went on to investigate this allegation for over eight months in direct violation of the University's Title IX policy that requires that the investigation of a formal complaint be concluded within 90 business days of the filing of a formal complaint. During this time period, Plaintiff was not allowed to attend class in person or virtually. The University only allowed Plaintiff to review recorded classes online. Plaintiff was not allowed to participate in classes during his third, fourth, and most

PLAINTIFF'S COMPLAINT                                                                                                                         1

of his fifth semesters. During his fifth semester, on March 21, 2022, he was informed by the school that he would be suspended for a year and would have to repeat his fifth semester.

2. Plaintiff Richard now files this action for relief pursuant to 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) with regard to the violation of the laws of the UnitedStates, the denial of Plaintiff Richard's equal protection rights, procedural due process violations, and substantive due process violations under the Fourteenth Amendment to the U.S. Constitution.

### B.    PARTIES

3. Plaintiff Richard Duran Adame ("Richard") is an individual residing in Texas.

4. Defendant **UNIVERSTIY OF TEXAS AT DALLAS** ("UTD") is a public university operating in the State of Texas as a political subdivision of the state of Texas.

### C.    JURISDICTION and VENUE

5. The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 20 U.S.C. §1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX).

6. Venue is proper in the Northern District of Texas (Dallas Division) because Defendant UTD operates its schools in Dallas County, Texas which is within the Northern District of Texas.

### D.    FACTUAL ALLEGATIONS

7. At all times relevant to this action, Plaintiff Richard was a student attending University of Texas at Dallas ("UTD"), being a public university owned and operated by

PLAINTIFF'S COMPLAINT                                                                                                    2

Defendant UTD. Richard was born on March 20, 1985.

8. Plaintiff Richard admitted guilt of the Title IX violation and was willing to accept an appropriate consequence.

9. Instead, Plaintiff Richard was subjected to a protracted investigation where he was harmed significantly by being prohibited from attending class either in person or virtually, was not allowed to interact meaningfully with his classmates, and was not given the basic academic support to which a student is entitled.

10. UTD collected tuition from Plaintiff Richard for the third, fourth, and fifth semesters during which Plaintiff Richard was not allowed to participate in class or interact with his classmates.

11. UTD then suspended Plaintiff Richard for a year.

12. UTD then collected additional tuition from Plaintiff Richard for the fifth semester that Plaintiff Richard was required to repeat.

13. Due to UTD's actions, Plaintiff Richard was subjected to a hostile environment, including several students actively harassing Plaintiff Richard.

14. Plaintiff Richard reported the students' behavior to the appropriate authorities and has not received any relief from UTD.

### *Defendant UTD's acts and omissions as to the Title IX Requirements and Code of Federal Regulations*

15. According to UTD's Sexual Misconduct Policy 1.1 "The University of Texas at Dallas (the University) is committed to maintaining a learning environment that is free from discrimination based on sex in accordance with Title IX of the Higher Education Amendments (Title IX), which prohibits discrimination on the basis of sex in education programs or activities; Title VII of the Civil Rights Act of 1964 (Title VII),

PLAINTIFF'S COMPLAINT                                                                                                              3

which prohibits sex discrimination in employment; and the Campus Sexual Violence Elimination Act (SaVE Act), Violence Against Women Act (VAWA), and the Clery Act. Sexual misconduct, Retaliation and other conduct prohibited under this Policy will not be tolerated and will be subject to disciplinary action."

16. Section 6.5(5) of UTD's Sexual Misconduct Policy states that "the investigation of a Formal Complaint will be concluded within 90 business days of the filing of a Formal Complaint."

17. 34 C.F.R. §106.45(a) states *"Discrimination on the basis of sex.* A recipient's treatment of a complainant or a respondent in response to a formal complaint of sexual harassment may constitute discrimination on the basis of sex under Title IX."

18. 34 C.F.R. §106.45(b) states *"Grievance process*. For the purpose of addressing formal complaints of sexual harassment, a recipient's grievance process must comply with the requirements of this section. Any provisions, rules, or practices other than those required by this section that a recipient adopts as party of its grievance process for handling formal complaints of sexual harassment as defined in §106.30 must apply equally to both parties. (1) *Basic requirements for grievance process*. A recipient's grievance process must—(i) Treat complainants and respondents equitably by providing remedies to a complainant where a determination of responsibility for sexual harassment has been made against the respondent, and by following a grievance process that complies this section before the imposition of any disciplinary sanctions or other actions that re not supportive measures as defined in §106.30, against a respondent. Remedies must be designed to restore or preserve equal access to the recipient's education program or activity.

19. On July 19, 2021, Plaintiff Richard received notice of the formal complaint against him.

**PLAINTIFF'S COMPLAINT** 4

20. On August 19, 2021, Plaintiff Richard admitted to the alleged violation.

21. On July 14, 2021, Plaintiff Richard was prohibited from participating in class either in person or virtually. Plaintiff Richard was not given access to basic academic support during this time period.

22. On February 8, 2022, Plaintiff Richard was informed that he would be suspended for two years and that he would have to repeat his fifth semester. The investigation conducted by UTD lasted over eight months in violation of UTD's policy to complete the investigation within 90 business days of the formal complaint.

23. On February 18, 2022, Plaintiff Richard appealed his two-year suspension, and his suspension was reduced to one year.

24. On February 4, 2023, Plaintiff Richard contacted Executive Director Pamela Foster-Brady about students who had harassed him and created a hostile learning environment. To date, Plaintiff Richard has not received any remedies or relief from UTD.

25. Under the Title IX Regulations, Defendant UTD was required to offer Plaintiff Richard supportive measures as defined in 34 C.F.R. § 106.30.

26. Under Title IX Regulations, Defendant UTD was required to apply any provisions, rules, or practices adopted by the recipient (UTD) as a part of its grievance process for handling formal complaints of sexual harassment as defined by 34 C.F.R. § 106.30, equally to both the complainant and respondent.

27. Defendant UTD's delayed investigation, failure to provide supportive measures, and denial of Plaintiff Richard's access to basic academic support and participation was unreasonable. Defendant UTD's actions and lack of actions amount to deliberate indifference in light of the known circumstances.

*Defendant's Action Under the Color of State Law*

28.     As described, Defendant UTD's Violations of Plaintiff Richard's Rights were implemented under the color of law by the referenced employees and respective agents of Defendant UTD, who were implementing their delegated duties to implement and enforce the policies, practices, and procedures of the Defendant.

29.     Defendant UTD's acts and omissions which created a hostile learning environment, failed to provide remedies to Plaintiff Richard, and failed to apply the grievance process equally to complainant and respondent, required Plaintiff Richard to pay tuition for three semesters without the benefit of basic academic support and participation, and violated UTD's own policy regarding the length of the investigation, were committed intentionally and in bad faith, or with reckless disregard for the outcome.

30.     Defendant UTD's acts and omissions created a hostile learning environment, failed to provide remedies to Plaintiff Richard, and failed to apply the grievance process equally to complainant and respondent, required Plaintiff Richard to pay tuition for three semesters without the benefit of basic academic support and participation, and violated UTD's own policy regarding the length of the investigation are so extreme and unconscionable, that such actions show the conscious indifference held by Defendant UTD as to Plaintiff Richard.

### *Harm suffered by Plaintiff Richard*

31.     Plaintiff Richard has spent a total of $69,684.47 on tuition, books, airfare for an international trip required by UTD, and attorney's fees in regard to UTD's misconduct.

32.     Plaintiff Richard has suffered mental anguish regarding the forced isolation required by UTD for Plaintiff Richard's third, fourth, and fifth semesters and the hostile learning environment created by UTD's misconduct and failure to provide remedies to

Plaintiff Richard.

*Futility of Administrative Remedies*

33. Although Plaintiff Richard requested remedies from UTD regarding other students' harassment of Plaintiff Richard, UTD failed to take action and resolve the issue.

34. However, such Remedies are not required by Title IX.

35. As a result, any asserted obligations of Plaintiff Richard to pursue such Remedies prior to the institution of this matter are inapplicable and would have been otherwise futile.

36. As a result of the foregoing described acts and omissions of Defendant UTD's as to Plaintiff Richard, Richard was forced to engage an attorney and pursue this action to redress such wrongs.

37. All conditions precedent to Plaintiff Richard bringing these claims have been met.

E.   **PLAINTIFF'S CAUSES OF ACTION**

38. Plaintiff Richard incorporates herein by reference the facts set forth in the foregoing ARTICLE D: GENERAL BACKGROUND hereof.

39. Defendant's described acts and omissions as to Plaintiff Richard were discriminatory under Title IX of the Higher Education Amendments.

40. Defendant's described acts and omissions as to Plaintiff Richard were discriminatory under 34 C.F.R. §106.45.

41. Defendant's described acts and omissions as to Plaintiff Richard were discriminatory under Section 6.5(5) of Defendant UTD's own Sexual Misconduct Policy.

**Law Applied to Facts**

42. The enforcement by Defendant UTD of Title IX regulations in a discriminatory manner is within the Fourteenth Amendment.

43. Defendant UTD denied Plaintiff Richard the equal protection of the laws. Defendant UTD's denial of Plaintiff Richard's property, life, or liberty, without due process of law, and denial to Plaintiff Richard the equal protection of the laws, violated the constitutional inhibition; and as Defendant UTD officials acted in the name and for the Defendant UTD, and is clothed with the Defendant UTD's power his act is that of Defendant UTD.

44. Defendant UTD failed to offer Plaintiff Richard supportive measures equally as defined in 34 C.F.R. § 106.30 and § 106.45.

45. Defendant UTD's delayed investigation of the formal complaint was unreasonable. Defendant UTD's denial of basic academic support and participation to Plaintiff Richard was unreasonable. Defendant UTD's actions and lack of actions amount to deliberate indifference in light of the known circumstances.

46. Defendant UTD's failure to follow 34 C.F.R. § 106.45 and 34 C.F.R. § 106.30 was the moving force directly caused Plaintiff Richard's injuries. Defendant UTD's delays and failures to act denied him his right to access to the educational opportunities or benefits provided by the school. He required the supportive measures that Defendant UTD was statutorily required to provide him.

47. As a direct and proximate result of Defendant UTD's acts and omissions towards Plaintiff Richard, Richard has suffered harm, including but not limited to mental anguish, expenses, and loss of opportunity in future educational and professional endeavors. Plaintiff Richard, therefore, now seeks compensatory damages for such injuries.

F.  **REQUEST FOR JURY**

48. Plaintiff hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented thereto.

### G. PRAYER FOR RELIEF

49. Wherefore, premises considered, Plaintiff Richard prays that upon final consideration of this matter that Plaintiff Richard have judgment against Defendant UTD for:

   a. Monetary damages;

   b. Reasonable and necessary attorneys' fees;

   c. Taxable expenses of litigation and costs of court; and,

   d. Post-judgment interest at the maximum lawful rate.

50. Plaintiff Richard further prays that Plaintiff Richard receive such other and further relief to which he may be justly entitled.

Respectfully submitted,

DUFFEE + EITZEN LLP

/s/George H. Shake
George H. Shake
State Bar No.: 24077524
Federal ID No.: 3684307
4311 Oak Lawn Avenue, Suite 600
Dallas, Texas 75219
Tel: (214) 416-9010
Fax: (214) 416-9005
Email: george@d-elaw.com
Attorney for Plaintiff
**ATTORNEY IN CHARGE**