IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD DURAN ADAME, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-01333-E |
| UNIVERSITY OF TEXAS AT DALLAS, | § § § | |
| Defendant. | § § § | |

**ORDER**

Before the Court is Defendant University of Texas at Dallas (UTD)'s Amended Motion to Dismiss Plaintiff's First Amended Complaint (UTD's Amended Motion to Dismiss), which seeks to dismiss all of Plaintiff's claims. (ECF No. 24). Plaintiff Adame has filed no response, whatsoever. The Court GRANTS UTD's Motion to Dismiss.

**I.   BACKGROUND**

Adame initiated this litigation on June 14, 2023 and amended his complaint on August 21, 2023. (*See* ECF Nos. 1; 9). Adame asserts various claims under Title IX; 34 C.F.R. § 106.45; and UTD's Sexual Misconduct Policy—each relating to discrimination. On September 5, 2023, UTD moved to dismiss Adame's First Amended Complaint. (ECF No. 10). On September 27, 2023, Adame moved to strike this earlier-filed motion to dismiss because UTD had failed to comply with the Court's standing order practice regarding Motions to Dismiss based on Rule 12(b)(6). (ECF No. 11 at 2-6). Adame's motion to strike did not respond to the merits of UTD's earlier-filed motion to dismiss. (*See* ECF No. 11). *Inter alia*, UTD thereafter filed a motion for leave to file UTD's Amended Motion to Dismiss, which the Court addresses herein. (ECF No. 12; *see* ECF

No. 12-1).

On January 9, 2024, the Court granted UTD's motion for leave, (ECF No. 12), which caused UTD's Amended Motion to Dismiss, (ECF No. 12-1), to be filed on the docket as of January 9, 2024. UTD's Amended Motion to Dismiss challenges all of Adame's claims based on (i) failure to state a claim upon which relief may be granted and (ii) subject-matter jurisdiction. (*See* ECF No. 24). The Court's order further instructed a briefing schedule in accordance with the Northern District of Texas's Local Civil Rules:

> Adame's response and any reply shall be governed by the Federal Rules of Civil procedure and Northern District of Texas's Local Civil Rules. *See generally* Fed. R. Civ. P. 12; N.D. Tex. Loc. R. 7.1.

(ECF No. 23 at 2). Adame filed no response to UTD's Amended Motion to Dismiss. UTD's Amended Motion to Dismiss is ripe for consideration.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. In reviewing

a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

A district court properly dismisses a claim for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 191 (5th Cir. 2001). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### III. ANALYSIS

Northern District of Texas Local Civil Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Loc. Civ. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the

defendant's motion to dismiss."). Thus, a party's failure to defend a claim in his response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g., Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Adame failed to respond to UTD's Amended Motion to Dismiss; more than 21 days have passed since the filing date of UTD's Amended Motion to Dismiss. *See* N.D. Tex. Loc. Civ. R. 7.1(e).[1] Because Adame wholly failed to respond to UTD's challenge to subject-matter jurisdiction on all his claims, the Court concludes Adame has abandoned all of his claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster, Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[2] Thus, the Court GRANTS UTD's Amended Motion to Dismiss. (ECF No. 24).

(*This space left blank intentionally*).

---

[1] As filed on the docket on January 9, 2024, Adame's response was due on Tuesday, January 30, 2024. *See* N.D. Tex. Loc. Civ. R. 7.1(e).

[2] *See also, e.g., JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).

## IV. CONCLUSION

For the reasons enumerated above, Plaintiff Adame's claims are DISMISSED without prejudice. The Court shall follow this order with a final judgment.

**SO ORDERED.**

13th day of May, 2024.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE